FILED  
United States Court of Appeals  
Tenth Circuit  

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

May 7, 2024

Christopher M. Wolpert  
Clerk of Court

───────────────────────────────

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LANCE JAMES TALBOT,

    Defendant - Appellant.

No. 23-8025  
(D.C. No. 2:22-CR-00116-SWS-1)  
(D. Wyo.)

───────────────────────────────

**ORDER AND JUDGMENT**[*]

───────────────────────────────

Before **MORITZ**, **BALDOCK**, and **MURPHY**, Circuit Judges.

───────────────────────────────

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

Lance James Talbot was charged with being a felon unlawfully in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). He moved to dismiss the charge, arguing § 922(g) was unconstitutional, both facially and as applied, under *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). After the district

───────────────────────────────

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court denied Talbot's motion, he entered a conditional plea of guilty, Fed. R. Crim. P. 11(a)(2), specifically preserving his right to appeal the denial of his motion to dismiss. The district court sentenced Talbot to a term of imprisonment of fifty-seven months, followed by three years of supervised release.

On appeal, Talbot reasserts *Bruen* renders his § 922(g) conviction unconstitutional. He recognizes, however, that his constitutional challenge is foreclosed by this court's decision in *Vincent v. Garland*, 80 F.4th 1197, 1202 (10th Cir. 2023) (holding that § 922(g) remains constitutional post-*Bruen*). Thus, he merely seeks to preserve his claim pending further developments within the Tenth Circuit or at the Supreme Court. This court acknowledges Talbot "has preserved the issue in the hope of further review." *United States v. Wheeler*, 13 F. App'x 852, 854 (10th Cir. 2001) (unpublished disposition cited solely for its persuasive value) (recognizing appellant preserved issue for possible future review in circumstances similar to those at issue here). Nevertheless, his claim is foreclosed by *Vincent*. Thus, exercising jurisdiction pursuant to 28 U.S.C. § 1291, the judgment entered by the United States District Court for the District of Wyoming is hereby **AFFIRMED**.

                                        Entered for the Court

                                        Michael R. Murphy
                                        Circuit Judge